

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVEVAN BOWEN,<br><br>    Petitioner,<br><br>    v.<br><br>WILLIAM MUNIZ, Warden,<br><br>    Respondent. | Case No. 16-cv-00743 LHK (PR)<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. For the reasons that follow, the court orders respondent to show cause why the petition should not be granted.

### BACKGROUND

According to the petition, after a jury trial, petitioner was convicted of first degree felony murder in San Francisco County Superior Court. Petitioner was sentenced to 25 years to life in state prison. The California Court of Appeal affirmed, and the California Supreme Court denied a petition for review. Petitioner filed the instant federal petition on February 12, 2016.

Case No. 16-cv-00743 LHK (PR)
ORDER TO SHOW CAUSE

1

# DISCUSSION

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B. Petitioner's Claims

Petitioner claims that: (1) there was insufficient evidence to convict him of first degree felony murder; (2) the trial court should not have instructed the jury on an aiding and abetting theory of liability; (3) the trial court erred by failing to instruct the jury that Demar Antoine Lacy was an accomplice whose testimony required corroboration; and (4) the prosecutor committed misconduct. The court orders respondent to show cause why the petition should not be granted as to these claims.

# CONCLUSION

1. The clerk shall serve by mail a copy of this order and the petition and all attachments thereto (docket no. 1) upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing

Case No. 16-cv-00743 LHK (PR)
ORDER TO SHOW CAUSE

Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date this order is filed. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent **shall** file with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

4. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 5/25/2016

*Lucy H. Koh*
LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Case No. 16-cv-00743 LHK (PR)
ORDER TO SHOW CAUSE

3